09-4379-ag
Ademi v. Holder

BIA
Nelson, IJ
A088 372 178

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of January, two thousand eleven.

PRESENT:
 JOSEPH M. McLAUGHLIN,
 JOSÉ A. CABRANES,
 RICHARD C. WESLEY,
  *Circuit Judges*.

_____

FITIM ADEMI,

  *Petitioner*,

  v.                                09-4379-ag
                                    NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,

  *Respondent*.

_____

FOR PETITIONER:      Joshua E. Bardavid, New York, New
                     York.

FOR RESPONDENT:      Tony West, Assistant Attorney
                     General; M. Jocelyn Lopez Wright,
                     Senior Litigation Counsel; Kristin
                     K. Edison, Attorney, Office of

**Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner, Fitim Ademi, a native of the former Yugoslavia and citizen of Serbia, seeks review of a September 28, 2009, decision of the BIA affirming the May 28, 2008, decision of Immigration Judge ("IJ") Barbara A. Nelson pretermitting his application for asylum as untimely and denying his applications for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Fitim Ademi*, No. A088 372 178 (B.I.A. Sept. 28, 2009), *aff'g* No. A088 372 178 (Immig. Ct. N.Y. City May 28, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we review both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (internal quotation marks omitted). The applicable standards of review are well-established. *See Corovic v.*

2

*Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008); *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

As an initial matter, we note that Ademi explicitly declined to challenge the IJ's pretermission of his asylum application as untimely. We therefore consider only the agency's denial of Ademi's applications for withholding of removal and CAT relief based on an adverse credibility determination.

Substantial evidence supports the IJ's adverse credibility determination. The IJ reasonably found Ademi not credible because his testimony regarding the specific incidents of harm he suffered was inconsistent with his asylum application, a letter from his parents, and the country conditions evidence in the record. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 166-67 (2d Cir. 2008). Moreover, no reasonable factfinder would have been compelled to credit his explanations for these inconsistencies. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005). Additionally, the IJ's unchallenged finding that Ademi appeared unsure of his own testimony provided further support for the IJ's adverse credibility determination. *See id.* at 81 n.1; *see*

3

*also* 8 U.S.C. § 1158(b)(1)(B)(iii).

In light of the adverse credibility determination, the agency did not err in denying Ademi's applications for withholding of removal and CAT relief because the only evidence that Ademi would be persecuted or tortured depended on his credibility. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Paul v. Gonzales*, 444 F.3d 148, 157 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk